**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BADER FAMILY FOUNDATION,<br>1236 N. Stafford St., Arlington, VA 22201 | ) <br> ) <br> ) |
| Plaintiff, | ) Civil Action No. 23-976 |
| v. | ) <br> ) |
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>131 M. Street, N.E., Washington, D.C. 20507 | ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff alleges as follows, against the defendant, Equal Employment Opportunity Commission ("EEOC"):

1) This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for improper withholding of agency records.

2) Plaintiff seeks to compel production under a FOIA request it submitted on February 16, 2023, seeking communications in specific date ranges about specified types of discrimination by the EEOC, or with specified groups.

3) Defendant has failed to provide plaintiff with either the records requested in its FOIA request, or the determination in response to plaintiff's FOIA request mandated by 5 U.S.C. § 552(a)(6)(A)(i).

4) FOIA generally requires an agency to provide a determination of the number of responsive records it intends to release or withhold within 20 working days after receiving the request. As the D.C. Circuit explained, agencies must "inform the requester of the scope of the documents that the agency will produce, as well as the scope of the

1

documents that the agency plans to withhold under any FOIA exemptions" within the statutory deadline of 20 working days. (*CREW v. FEC*, 711 F.3d 180 (D.C. Cir. 2013)).

5) That 20 day deadline expired on March 17, 2023.

6) Defendant sent a February 21 letter stating that it was "extending by ten (10) working days the time in which we shall respond."

7) But even if that extension was valid, and ten days were thus added to the deadline, that would only give Defendant 30 working days to respond.

8)  30 working days elapsed on March 31, 2023.

9) But by that date, Defendant had neither provided a determination about what records will be produced, nor  produced any records in response to plaintiff's request.

10) Defendant still has provided no such determination.

11) Due to Defendant's failure to provide any such determination, plaintiff has filed this lawsuit to compel it to comply with the law.

**PARTIES**

12) The Bader Family Foundation (BFF) is a non-profit, tax-exempt 501(c)(3) organization. It seeks to advance the public interest in areas related to the FOIA request in this case.  It supports non-profits that litigate against racially or sexually discriminatory programs. It also supports non-profits that use freedom of information laws to shed light on the operations of government; supports non-profits that study and publish reports about racially-discriminatory and race-conscious government programs; and supports non-profit media that publicize and write about such programs. BFF also has participated as

amicus curiae in litigation involving civil-rights and constitutional issues.[1] Bader Family Foundation trustee Hans Bader has published about subjects related to the requested records,[2] and been quoted in the media about them.[3]

13) Defendant EEOC is a federal agency of the United States within the meaning of 5 U.S.C. § 552(f)(1), which subjects any "independent regulatory agency" to the Freedom of Information Act. *See also* 42 U.S.C. § 2000e-4(a) (creating EEOC as such an agency).

## JURISDICTION AND VENUE

14) This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of Columbia, and also 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

15) Venue is proper under 5 U.S.C. § 552(a)(4)(B) and also under 28 U.S.C. § 1391(b), both because FOIA vests venue in this court, 5 U.S.C. § 552(a)(4)(B), and because Defendant EEOC's principal place of business is in the District of Columbia.

---

[1] *See, e.g., Brief of the Bader Family Foundation and Hans Bader as Amici Curiae in Support of Plaintiff-Appellant and Reversal* in *Meriwether v. Hartop*, 992 F.3d 492 (6th Cir. 2001) (No. 20-3289) (filed, June 3, 2020) (amicus brief in support of professor's successful appeal in case involving constitutional and Title IX issues), https://tinyurl.com/yc7639w7

[2] *See, e.g.,* Hans Bader, *Federal Judges Block Racial Exclusions in Biden's $1.9 Trillion Stimulus Package,* CNS News, June 14, 2021 (https://cnsnews.com/commentary/hans-bader/federal-judges-block-racial-exclusions-bidens-19-trillion-stimulus-package); Bader, *Federal appeals court bars Biden administration from handing out COVID relief based on race*, Liberty Unyielding, May 27, 2021 (https://libertyunyielding.com/2021/05/27/federal-appeals-court-bars-biden-administration-from-handing-out-covid-relief-based-on-race/); Bader, *Lawsuit filed against Biden administration for racial and gender bias in COVID relief*, Liberty Unyielding, May 12, 2021 (https://libertyunyielding.com/2021/05/12/lawsuit-filed-against-biden-administration-for-racial-and-gender-bias-in-covid-relief/).

[3] *See, e.g.*, Mairead McArdle, *Tennessee Restaurant Sues Biden Administration Over White Males 'Pushed To The Back Of The Line' For Pandemic Relief*, The Daily Wire, May 13, 2021 (www.dailywire.com/news/tennessee-restaurant-sues-biden-administration-over-white-males-pushed-to-the-back-of-the-line-for-pandemic-relief); Mairead McArdle, *Biden's Restaurant Relief Program Excludes White Male Owners*, The Daily Wire, May 12, 2021 (www.dailywire.com/news/bidens-restaurant-relief-program-excludes-white-male-owners).

**FACTUAL AND STATUTORY BACKGROUND**

16) On February 16, 2022, plaintiff submitted a FOIA request to EEOC requesting the

following records:

1.  All court complaints or administrative complaints alleging that the Equal Employment Opportunity Commission has discriminated against, or is discriminating against, a white employee or white employees based on their race.

2.  All court complaints or administrative complaints alleging that the Equal Employment Opportunity Commission has discriminated against, or is discriminating against, a male employee or male employees based on their sex.

3.  All briefs or memoranda filed in support of a motion for summary judgment alleging that the Equal Employment Opportunity Commission has discriminated against, or is discriminating against, a white employee or white employees based on their race.

4.  All internal and external communications alleging that (or containing allegations that) the Equal Employment Opportunity Commission has discriminated against, or is discriminating against, a white employee or white employees based on their race, that are sent or received by any EEOC Commissioner or any employee in the General Counsel's office (including, *e.g.,* any general counsel, deputy general counsel, or assistant general counsel).

5.  All internal and external communications alleging that (or containing allegations that) the Equal Employment Opportunity Commission has discriminated against, or is discriminating against, a male employee or male employees based on their sex, that are sent or received by any EEOC Commissioner or by any employee in the General Counsel's office (including, *e.g.,* any general counsel, deputy general counsel, or assistant general counsel).

6.  All court rulings or administrative rulings finding that the Equal Employment Opportunity Commission racially discriminated against a white employee or white employees, or finding that it has likely committed illegal racial discrimination against a white employee or white employees, or issuing a preliminary or permanent injunction based on alleged or actual racial discrimination against a white employee or white employees.

7.  All court rulings or administrative rulings finding that the Equal Employment Opportunity Commission discriminated based on sex against a male employee or male employees.

8.  All internal and external communications (e-mail, text, instant messaging, calendar items, etc.), between any EEOC Commissioner and any of the following groups (including any officer or staff attorney of the following groups): the NAACP Legal

4

Defense and Education Fund, the National Association for the Advancement of Colored People, Legal Momentum, the National Women's Law Center, the Leadership Conference on Civil Rights, the Southern Poverty Law Center, or Human Rights Campaign.

The time period covered by this request is January 1, 2022 to the present. The term "present" should be construed as the date on which the EEOC begins its search for responsive records, not the date this request is received. *See Pub. Citizen v. Dep't of State*, 276 F.3d 634 (D.C. Cir. 2002). For example, if records are created after this request is submitted, but before you begin processing this request, those records are covered by this request, if they fall into any of the above four categories.

17) The FOIA request was jointly submitted by plaintiff and the blog *Liberty Unyielding*, in an email with the subject line "FOIA request; fee waiver requested." Included in the FOIA request was a request for "a waiver of fees – such as that fees not be charged for search costs or document review."

18) On February 17, 2023, an email was sent on behalf of plaintiff and *Liberty Unyielding* stating, "Attached is an amended Freedom of Information Act request. It adds a few words to our February 16, 2023 FOIA request. A fee waiver is requested."

19) The amended request clarified that Part 8 of the FOIA request sought communications with "the Leadership Conference on Civil **and Human** Rights," and also observed that

The reference above to "any officer or staff attorney of the following groups" includes any person identified as such a group's officer or staff attorney, in a communication or communications with any EEOC Commissioner. You do not have to produce communications with a person whose status as an officer or staff attorney of such a group is not identified in the communication, is not identified in any email chain containing it, and is unknown to the EEOC Commissioner who sent or received the communication.

20) In response to the emails containing plaintiff's FOIA request and amended FOIA request, EEOC sent automated emails the very same day, each with the subject line "Automatic reply: FOIA request; fee waiver requested," and each stating, "This is an

automated response to your email received by a Freedom of Information Act (FOIA) field office unit within the Equal Employment Opportunity Commission (EEOC)."

21) On February 20, 2023, EEOC sent an email stating that "Your request has been delivered to the U.S. Equal Employment Opportunity Commission. The request has been assigned tracking # 820-2023-005557."

22) The email listed the sender as eeoc.foia@arkcase.com.

23) On February 21, 2023, EEOC sent an email stating, "See attached acknowledgement letter for FOIA Request No. 820-2023-005557."

24) Attached was a letter dated February 21, 2023, from Katie Baker of the EEOC stating,

> Your request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, received by the Office of Legal Counsel on 02/16/2023, is assigned to the [  ] Simple [X] Complex [  ] Expedited track with the above FOIA number.
>
> [X]  EEOC will make every effort to issue a determination on your request on or before 03/17/2023.
>
> FOIA and EEOC regulations, at 29 C.F.R. § 1610.9(d), provide 20 working days to issue a determination on a request, not including Saturdays, Sundays and federal holidays. As provided in 5 U.S.C. § 552(a)(6)(B) (2016), due to unusual circumstances we hereby provide you with the required written notice that we are extending by ten (10) working days the time in which we shall respond based upon:
>
> [X] the need to search for and collect the requested records, if any exist, from field offices or other establishments that are separate from this office;

25) FOIA, in 5 U.S.C. § 552(a)(6)(A)(i), requires an agency to make a determination in response to a FOIA request within 20 working days from its date of receipt, unless the agency has a valid basis for extending the deadline, such as by ten working days when there are specified "unusual circumstances" for an extension. *See* U.S.C. § 552(a)(6)(B)(i).

26) EEOC cited "unusual circumstances" to extend the deadline "by ten (10) working days," which would give EEOC 30 working days to respond.

27) But Defendant did not make a determination in response to plaintiff's request within 30 working days from its date of receipt.

28) March 31, 2023 was 30 working days after the day Defendant received plaintiff's request.

29) No determination in response to plaintiff's FOIA request was made by then.

30) Nor has any such determination been made, as of the date this lawsuit was filed.

31) More than 30 working days have passed since Defendant received plaintiff's request.

32) Under FOIA, an agency must "inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions" within the statutory deadline. (*CREW v. FEC*, 711 F.3d 180 (D.C. Cir. 2013)).

33) Defendant provided no such information to plaintiff, even though plaintiff's request reasonably described the records it sought.

34) Instead, Defendant has improperly withheld agency records.

35) Due to Defendant's failure to comply with the statutory deadline, plaintiff has exhausted administrative remedies, and can now sue.

36) FOIA provides that a requester is "deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions." 5 U.S.C. § 552(a)(6)(C)(i); *see CREW v. FEC*, 711 F.3d 180, 189 (D.C. Cir. 2013).

37) On the morning of February 23, 203, EEOC's Katie Baker sent an email asking that

plaintiff's FOIA request be narrowed, stating:

> I have been assigned to process the above-captioned FOIA request. I reviewed the scope of each item of your request, and please let me know if you are amenable to the following modifications:
>
> 1. For items 4 and 5 of your request, excluding any mass distribution emails (such as news clippings, newsletters, legislative alerts, etc.) from the scope of the search;
> 2. For items 4 and 5 of your request, limiting the email search to the following custodians: any EEOC Commissioner and any employees in the Office of General Counsel with the title General Counsel/Acting General Counsel, Assistant General Counsel, or Deputy General Counsel;
> 3. For item 8 of your request, limiting the scope of the search to emails, as well as excluding any mass distribution emails (such as news clippings, newsletters, legislative alerts, etc.); and
> 4. For item 8 of your request, using these organization domains: @naacpldf.org; @naacpnet.org; @legalmomentum.org; @nwlc.org; @civilrights.org; @splcenter.org; @hrc.org.

38) In response, Hans Bader, writing on behalf of the requesters, agreed to some but not all

of what Baker proposed, in two emails sent on the morning of February 23, 2023. The

first of the two emails said:

> I agree to "excluding any mass distribution emails (such as news clippings, newsletters, legislative alerts, etc.)" from item 8 of the request.
>
> I do not agree to "excluding any mass distribution emails (such as news clippings, newsletters, legislative alerts, etc.)" from items 4 and 5 of the request.
>
> For items 4 and 5 of the request, I agree to "limiting the email search to the following custodians: any EEOC Commissioner and any employees in the Office of General Counsel with the title General Counsel/Acting General Counsel, Assistant General Counsel, or Deputy General Counsel."
>
> For item 8 of the request, I do not agree to limiting the scope of the search to emails. For example, I want text messages and calendar items as well (such as Outlook calendar entries, if there are any).
>
> For the email search in response to item 8 of my request, I agree that emails sent or received by these organization domains are responsive to my request and thus should

be produced: "@naacpldf.org; @naacpnet.org; @legalmomentum.org; @nwlc.org; @civilrights.org; @splcenter.org; @hrc.org."

The second of the two emails said:

Let me add to what I wrote in the below email I sent less than an hour ago, to be more precise.

I should have written:

For the email search in response to item 8 of my request, I agree that emails sent or received by these organization domains are responsive to my request and thus should be produced (*if the emails are sent or received by any EEOC Commissioner, and are in the time period covered by the request, and do not consist solely of mass distribution emails (such as news clippings, newsletters, legislative alerts, etc.))*: "@naacpldf.org; @naacpnet.org; @legalmomentum.org; @nwlc.org; @civilrights.org; @splcenter.org; @hrc.org."

Rather than just:

For the email search in response to item 8 of my request, I agree that emails sent or received by these organization domains are responsive to my request and thus should be produced: "@naacpldf.org; @naacpnet.org; @legalmomentum.org; @nwlc.org; @civilrights.org; @splcenter.org; @hrc.org."

39) On February 23, 2023, EEOC sent an email containing what the email referred to as a

"toll clarification letter for FOIA request #820-2023-005557." The attached letter stated:

This letter notifies you that additional information is needed from you to complete the processing your Freedom of Information Act (FOIA) request, received by this office on February 16, 2023. Item 8 of your request states the following:

All internal and external communications (e-mail, text, instant messaging, calendar items, etc.), between any EEOC Commissioner and any of the following groups (including any officer or staff attorney of the following groups): the NAACP Legal Defense and Education Fund, the National Association for the Advancement of Colored People, Legal Momentum, the National Women's Law Center, the Leadership Conference on Civil and Human Rights, the Southern Poverty Law Center, or Human Rights Campaign.

On February 23, 2023, you stated via email that you do not wish to limit the scope of item 8 to email communications. Therefore, this office is requesting the following clarifying information concerning the text messages portion of item 8:

Telephone numbers of individuals at the above-captioned organizations that you would like EEOC to use in its search.

The 20 working days provided in the FOIA to respond to your request stop from the date of this letter until the date this office receives your written response. 5 U.S.C. § 552(6)(A)(ii)(I-II) and 29 C.F.R. § 1610.9(g)

40) Hans Bader, on behalf of the requesters, responded that very same day, less than an hour later, stating "In your toll clarification letter, you request Telephone numbers of individuals at the above-captioned organizations that you would like EEOC to use in its search. I do not have their telephone numbers, since I have not communicated with them. Telephone numbers are often included in the signature blocks of emails. They are also indicated in text message communications."

41) In response, EEOC's Katie Baker sent an email that same day, stating, "Thank you for your response, Mr. Bader. I will continue processing your request. "

42) Because the response to the toll clarification letter was received the very same day it was sent, within an hour of when it was sent, it did not extend the time for EEOC to respond to plaintiff's FOIA request to a later date. See 5 U.S.C. § 552(6)(A)(ii)(I-II) and 29 C.F.R. § 1610.9(g).

43) The provision of FOIA cited by Baker states, "the 20-day period shall not be tolled by the agency except—(I) that the agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester under this section…the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period." 5 U.S.C. § 552(6)(A)(ii)(I-II).

44) So any tolling period ended on the very same date it began – February 23 – adding no additional days to the statutory deadline for issuing a determination.

45) Accordingly, EEOC's determination was still due no later than March 31, 2023.

46) But EEOC missed that deadline. It has provided no determination about the scope of the documents that the agency will produce, or the scope of the documents that the agency plans to withhold under any FOIA exemptions.

47) Because defendant did not comply with FOIA's deadlines for issuing a determination, it has waived the right to collect fees, such as search fees, for processing plaintiff's FOIA request.

48) In *Bensman v. National Park Service*, 806 F.Supp.2d 31 (D.D.C. 2011), this Court noted that "the 2007 [FOIA] Amendments … impose consequences on agencies that …. fail to comport with FOIA's requirements….To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with any time limit' of FOIA." *See also* 5 U.S.C. § 552(a)(4)(A)(viii)(I).

49) Plaintiff not only failed to issue a determination, it also failed to respond to plaintiff's request for a fee waiver.

50) FOIA request #820-2023-005557 contained a request for "a waiver of fees – such as that fees not be charged for search costs or document review."

51) The request for a fee waiver also noted that plaintiff's co-requester "qualifies [as] news media."

52) The requesters were thus entitled to a fee waiver.

53) Even if defendant's invocation of "unusual circumstances" was valid, it cannot charge search or duplication fees because it did not respond within "an additional ten days" of

the general 20 working day deadline for responding to plaintiff's FOIA requests. *See* 5 U.S.C. § 552(a)(4)(A)(viii)(I) & 5 U.S.C. § 552(a)(4)(A)(viii)(II)(aa).

54) Moreover, it would be inappropriate to charge fees for an additional reason: the records sought in plaintiff's FOIA request are of great public interest, and producing them would be of public benefit. When responsive records are produced to plaintiff in FOIA lawsuits, they are disseminated to the Liberty Unyielding blog, which publicly posts such records, or at least a portion of them, and thus makes them available to the public, resulting in news coverage.[4] News media cite and rely on that blog, showing the potential for lawsuits like this one to educate the public about the subject matter of plaintiff's FOIA requests.[5]

### FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

55) Plaintiff re-alleges paragraphs 1-54 as if fully set out herein.

56) Defendant has violated FOIA's deadline for issuing a determination in response to plaintiff's FOIA request.

---

[4] *See, e.g.,* Ashe Schow, *Biden Administration Knew Its Racial Preferences For COVID Relief Were Unconstitutional, Went Ahead Anyway*, Daily Wire, Aug. 21, 2021 (quoting & linking to records posted by the Liberty Unyielding blog that were produced in a Bader Family Foundation FOIA lawsuit) (available at https://www.dailywire.com/news/biden-administration-knew-its-racial-preferences-for-covid-relief-were-unconstitutional-went-ahead-anyway). Daily Wire stories have many readers. Similarweb states that the Daily Wire had 19.9 million visits to its web site in January 2023, a higher number than the Boston Globe and Baltimore Sun. *See* https://www.similarweb.com/website/dailywire.com/

[5] *See, e.g.,* Robby Soave, *U.S. Energy Department Endorses Lab Leak Theory of COVID-19's Origins*, Reason Magazine, Feb. 27, 2023 (linking to Liberty Unyielding blog post by Hans Bader) (available at https://reason.com/2023/02/27/lab-leak-theory-energy-department-coronavirus-covid-origin-china/); *Lab Leak Likely Caused COVID-19 Outbreak, U.S. Government Officials Say*, CNS News, Feb. 27, 2023 (reproducing Liberty Unyielding blog post by Hans Bader) (tinyurl.com/2rr79ms3).

57) Defendant is improperly withholding agency records.

58) Plaintiff asks this Court to enter a judgment declaring that:

 a. Plaintiff is entitled to the records described in its FOIA request, and any attachments thereto;

 b. Defendant's processing of plaintiff's FOIA request is not in accordance with the law, and does not satisfy Defendants' obligations under FOIA;

 c. Defendant has a duty to issue a determination in response to plaintiff's FOIA request.

 d. Defendant also has a duty to produce records responsive to plaintiff's FOIA requests, unless they are subject to withholding under a valid FOIA exemption, and disclosure would harm an interest protected by such exemption.

 e. Defendant has a duty to produce such records without charging any fees.

 f. Defendant has a duty to justify any withholdings with a Vaughn Index or other explanation of the basis for any withholdings.

**SECOND CLAIM FOR RELIEF**
**Duty to Produce Records – Injunctive Relief**

59) Plaintiff re-alleges paragraphs 1-58 as if fully set out herein.

60) Plaintiff is entitled to injunctive relief compelling Defendant to issue a determination in response to plaintiff's FOIA request.

61) Plaintiff is also entitled to injunctive relief compelling Defendant to produce the records described in plaintiff's FOIA requests, without charging any fees.

62) Plaintiff asks the Court to issue an injunction ordering Defendant to issue a determination in response to plaintiff's FOIA request.

63) Plaintiff also asks the Court to issue an injunction ordering Defendant to produce to plaintiff the records sought in plaintiff's FOIA request, unless the records are subject to withholding under a valid FOIA exemption, and disclosure would harm an interest protected by such exemption.

64) Plaintiff also asks the Court to order Defendant to provide a Vaughn Index or other explanation for the basis for any withholdings, for any records it withholds based on any FOIA exemption.

### THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

65) Plaintiff re-alleges paragraphs 1-64 as if fully set out herein.

66) Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

67) This Court should enter an injunction ordering Defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other relief as the Court shall deem proper.

Respectfully submitted this 10th day of April, 2023,

___/s/ Hans F. Bader_____
Hans F. Bader
D.C. Bar No. 466545
hfb138@yahoo.com
1236 N. Stafford St.
Arlington, VA 22201
(703) 399-6738

*Attorney for Plaintiff*

14